UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EVERETT COX,

    Plaintiff,

v.
                                                     Case No. 2:08-cv-176
                                                     HON. ROBERT HOLMES BELL
UNKNOWN FLUERY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Everett Cox, an inmate currently confined at the Alger Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Norman Fluery, Daniel Lesatz, Peggy Carberry, Denver McBurney, Denise Gerth and Dave Bergh.

Plaintiff alleges that on November 21, 2007, defendant Fleury was passing out food trays and refused to give plaintiff a tray stating that plaintiff was not Jewish and that he was going to eat plaintiff's food. Defendant Fleury called plaintiff a "sissy nigger fuck boy." Plaintiff alleges that each time defendant Fleury works in the unit he refuses to provide plaintiff a tray and calls plaintiff derogatory names. Plaintiff alleges that defendant Fleury punishes plaintiff because plaintiff is an African American, Jewish, homosexual.

Plaintiff asserts that he complained to defendants Bergh, Lesatz and Carberry, but they have refused to correct the situation. Defendant Carberry allegedly told plaintiff that plaintiff would remain in administrative segregation for ten years because he is a homosexual. Plaintiff alleges that although defendant Lesatz heard this comment he voiced no objection. Plaintiff filed

a grievance against defendants Carberry and Lesatz for this statement, but defendants McBurney, Gerth and Bergh denied the grievance. Plaintiff requests injunctive relief, $250,000 in compensatory damages and $500,000 in punitive damages. Defendants move for summary judgment.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff alleges that his equal protection rights have been violated by defendants because he is an African American, Jewish, homosexual. Plaintiff alleges that he has been denied

his Kosher meal by defendant Fleury and that defendant Carberry told him that he would stay in administrative segregation because plaintiff is a homosexual. Defendants deny making derogatory statements to plaintiff.

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 312 (1976). As described in the foregoing, plaintiff has failed to present a claim that any of his fundamental rights have been abridged.

A claim that plaintiff was treated one way and everyone else was treated another way, by itself, is not sufficient to state an equal protection claim. *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992), *cert. denied*, 510 U.S. 842 (1993). Rather, plaintiff must show that he was victimized by some suspect classification. *Id*. Absent some allegation or proof that the law was applied differently to plaintiff because of race, gender, age, or some other improper classification, no equal protection claim has been stated. *See Wagner v. Higgins*, 754 F.2d 186, 194 (6th Cir. 1985) (Conte, J., concurring); *see also Galbraith v. Northern Telecom, Inc.*, 944 F.2d 275, 282 (6th Cir. 1991), *cert. denied*, 503 U.S. 945 (1992) (a person's conduct is legitimate for purpose of the equal protection clause even though it may have been mean-spirited, ill-considered, or other unjustifiable, objectionable, or unreasonable, so long as it was not motivated by class-based discrimination).

Defendant Fleury attests that he does not recall the alleged incident that plaintiff claims occurred on November 21, 2007. Defendant Fleury denies making derogatory comments.

The Special Housing Unit Record for November 21, 2007, indicates that plaintiff refused his breakfast meal on that date. Plaintiff cannot establish that defendant Fleury violated his equal protection rights. Plaintiff has only pointed to one occurrence of an alleged deprivation of his meal, although he asserts in a conclusory fashion that defendant Fleury refused to provide meals on other occasions. In the opinion of the undersigned, plaintiff has not satisfied his burden of establishing a genuine issue of material fact to overcome defendant Fleury's entitlement to summary judgment.

Similarly, plaintiff alleges that defendant Carberry violated his equal protection rights by making the comment that plaintiff will remain in administrative segregation for ten years because plaintiff is a homosexual. Even if defendant Carberry made that comment, defendants have established that plaintiff was assigned to administrative segregation because of his numerous misconducts and his inability to follow prison rules. Plaintiff cannot show that defendant Carberry violated plaintiff's equal protection rights.

Defendants Lesatz, McBurney, Gerth and Bergh argue that they lack personal involvement in the subject matter of plaintiff's complaints. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Defendant McBurney simply reviewed plaintiff's Step I grievance and defendant Bergh was the Step II grievance respondent. These defendants simply responded to plaintiff's grievances and were not involved in the underlying conduct. Defendants Gerth and Lesatz had no personal involvement in the underlying conduct. In the opinion of the undersigned defendants

McBurney, Bergh, Gerth and Lesatz are entitled to dismissal from this action for lack of personal involvement.

To the extent that plaintiff may be asserting an Eighth Amendment violation that claim must fail as a matter of law. Claims of abusive language, or of general harassment, do not state an eighth amendment or substantive due process violation. *Ivey v. Wilson*, 832 F.2d 950 (6th Cir. 1987);; *Ishaaq v. Compton*, 900 F. Supp. 935, 944 (W.D. Tenn., 1995); *Meadows v. Gibson*, 855 F. Supp. 223, 225 (W.D. Tenn., 1994); *Banks v. Klapish*, 717 F. Supp. 520 (W.D. Mich. 1989); *Gilson v. Cox*, 711 F. Supp. 354 (E.D. Mich. 1989); *Rahman v. Stephenson*, 626 F. Supp. 886, 888 (W.D. Tenn. 1986). Even the occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of constitutional magnitude. *See*, *Torres v. County of Oakland*, 758 F.2d 147, 152 (6th Cir. 1985). Plaintiff has only alleged isolated claims of unprofessional language by defendants Carberry and Fleury, which in the opinion of the undersigned, do not rise to an Eighth Amendment violation.

Defendants alternatively move for qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power

irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id.* As previously discussed, because plaintiff cannot establish that his constitutional rights were violated, defendants are entitled to qualified immunity.

Plaintiff has sent a letter request to the court for a transfer to a different facility. (Docket #81). A prisoner has no right under federal law to compel or prevent a transfer to another facility. *See*, *Burr v. Duckworth*, 547 F. Supp. 192 (N.D. Ind. 1982); *affirmed*, 746 F.2d 1482 (7th Cir. 1984); (absent a statute or regulation giving rise to some right or justifiable expectation, refusal to transfer does not constitute violation of a constitutionally protected or recognized interest); *Finetti v. Soley*, 73 A.D.2d 955, 424 N.Y.S.2d 273 (1980) (absent a violation of positive statute or a denial of constitutional rights, refusal to transfer is not judicially reviewable); *accord*, *State v. Ryan*, 351 N.W.2d 186 (Iowa 1984); *Nash v. Black*, 781 F.2d 665 (8th Cir. 1986) (prison regulations allowed, but did not require, transfer where all criteria were met by prisoner; authorities retained complete discretion to transfer; thus no liberty interest created); *Lamb v. Maschner*, 633 F. Supp. 351 (D. Kan. 1986) (transsexual requested transfer to woman's prison; denied); *accord*, *Meriwether v. Faulkner*, 821 F.2d. 408 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987). Plaintiff's request for a transfer to a different facility should be denied.

In summary, in the opinion of the undersigned, plaintiff has failed to sustain his burden of proof in response to defendants' motions for summary judgment. Accordingly, it is recommended that defendants' motions for summary judgment (Docket #51 and #74) be granted and that this case be dismissed in its entirety. It is further recommended that plaintiff's request for a transfer (Docket #81) be denied.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 3, 2009